No. 39578.—Protest 913497–G of John C. MacFarland (Los Angeles).

KEEFE, Judge:   This case involves the assessment of duties at the appropriate rates upon an importation of certain personal effects of a resident returning from abroad.   The plaintiff protests the assessment of duty claiming that the articles are entitled to free entry under the provisions of paragraph 1798, Tariff Act of 1930, under the $100 exemption clause.

438

The circumstances giving rise to the controversy appear from the evidence to be as follows: The plaintiff and his wife upon a tour left the port of San Pedro, Calif. While in Panama and Guatemala they purchased two Indian blankets, two Panama hats, various cotton articles and embroidered goods. They intended visiting the eastern portion of the United States before their return, and left the articles so purchased on the ship and they were landed in the United States upon the ship's return voyage.

The plaintiff and his wife left the ship at Havana, Cuba, and traveled by plane to Miami, Fla. When entering the United States at Miami two small bottles of perfumery, an imitation ivory necklace, a petit-point bag, and certain other trinkets which had been purchased abroad were in their handbags. The customs officials at Miami questioned the plaintiff about other baggage and plaintiff stated that suit cases were coming by steamer to Key West. However, he failed to mention the articles left upon the ship. At Key West his baggage was examined and the travelers proceeded upon their trip, arriving in California two months later. The amount of purchases declared in Florida amounted to about $20. The entire purchases made abroad by the plaintiff and his wife were under $200. Upon returning to California the plaintiff found the articles left aboard ship in the customs warehouse. Duty was assessed thereon because the plaintiff failed to indicate to the customs officials at Miami that said articles were being returned through the port of San Pedro. The articles here in question were a part of the baggage of the plaintiff and the purchases were made for his own use and not for sale.

Upon the above uncontradicted statement of facts we are of the opinion that the baggage in question is entitled to free entry under paragraph 1798. In the case of *Deanesly* v. *United States*, T. D. 46698, it was held that residents of the United States returning from abroad having baggage follow them are entitled to an exemption from duty upon satisfactory proof of their right to such exemption notwithstanding the regulations limiting such exemption to those articles declared by the residents upon their arrival from abroad. See also *Tobson* v. *United States*, Abstract 26160; and *DeWitt* v. *United States*, Abstract 29536.

Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entry and to make refund of all duty taken.